IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
District Judge S. Kato Crews

Civil Action No. 1:26-cv-5185-SKC

EDGARDO GARCIA VARGAS,

Petitioner,

v.

JUAN BALTAZAR, *et al.*,

Respondents.

---

**ORDER**

---

According to Respondents' Status Report, following the lapse in their deadline to respond to Petitioner's Application, Petitioner was released pursuant to this Court's Order but was then immediately re-detained. Dkt. 7, p.1. Respondents contend that because habeas relief has been effectuated, the Court should close this case despite Respondents re-detention of Petitioner. The Court disagrees.

A habeas petitioner is in custody when he or she faces "restraints not shared by the public generally." *Pablo F. v. Blanche*, No. 26-cv-3889 (JMB/SGE), 2026 WL 2874903, at *2 (D. Minn. Sept. 24, 2026) (quoting *Jones v. Cunningham*, 371 U.S. 236, 240 (1963) ("History, usage, and precedent can leave no doubt that, besides physical imprisonment, there are other restraints on a man's liberty, restraints not shared by the public generally, which have been thought sufficient in the English-

speaking world to support the issuance of habeas corpus.")). "A person need not be physically imprisoned to be in custody under the statute." *Ortega v. Bonnar*, 415 F. Supp. 3d 963, 968 (N.D. Cal. 2019). Courts "very liberally" assess whether an individual is in custody and consider whether, "under the totality of the circumstances a reasonable person would feel free to end the encounter and leave." *Ivan F.M. v. Blanche*, No. CV 26-4012 (JRT/DLM), 2026 WL 3268565, at *2 (D. Minn. Oct. 30, 2026) (citing *Maleng v. Cook*, 490 U.S. 488, 492 (1989) and *Pablo F.*, 2026 WL 2874903, at *2).

Under the totality of the circumstances here, Petitioner has remained in custody since his original arrest. To rule otherwise would render any award of habeas relief meaningless and would reward Respondents' apparent gamesmanship. Petitioner was released from detention and immediately confronted and arrested by ICE officers before even leaving the detention facility grounds. Once again, the cruelty appears to be the point. No person would have felt free to leave under these circumstances.

In his Application for a Writ of Habeas Corpus, Petitioner argued, among other things, that his original arrest violated his due process rights because he was never presented with a warrant. Dkt. 1, pp. 7-8. Respondents chose not to file a response to the Application, and therefore, the Court considers the matter conceded and the violation of Petitioner's due process rights confessed. The Court finds Petitioner's re-

detention mere minutes after his purported release was no release at all and instead constitutes an ongoing due process violation by Respondents.

* * *

Consequently, IT IS ORDERED Petitioner shall be IMMEDIATELY RELEASED from custody. Respondents SHALL FILE a status report within THREE DAYS of this Order certifying Petitioner's release.

IT IS FURTHER ORDERED given the continuing due process violation, Respondents are ENJOINED from re-arresting or re-detaining Petitioner unless they demonstrate, by clear and convincing evidence at a pre-deprivation bond hearing before a neutral decisionmaker, that he is a flight risk or danger to the community such that his physical custody is legally justified. At any such bond hearing, Respondents shall bear the burden of proof, and Petitioner shall be allowed to have counsel present. This injunction shall remain in effect until such time as this Court, or the Tenth Circuit Court of Appeals, vacates this Order.

[*continued on next page*]

Should Petitioner again be instantly rearrested without receiving the foregoing due process, Respondents shall appear in this Court for consideration of whether contempt proceedings are warranted.

DATED: November 3, 2026.

BY THE COURT:

S. Kato Crews
United States District Judge